SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
CALLIE GLANTON STEELE (No. 155442)
Deputy Federal Public Defender
(E-mail: Callie_Steele@fd.org)
KOREN L. BELL (No. 268614)
(E-mail: Koren_Bell@fd.org)
ASAL AKHONDZADEH (No. 266792)
(E-mail: Asal_Akhondzadeh@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-6075
Facsimile (213) 894-0081

Attorneys for Defendant
MATTHEW CRIPPEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CRIPPEN,<br><br>　　　　Defendant. | NO. CR 09-703-PSG<br><br>**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF TONY ROSARIO AND HIS SURREPTITIOUS VIDEO RECORDING DUE TO CONCOMITANT EXPOSURE TO CRIMINAL AND CIVIL LIABILITY UNDER CALIFORNIA LAW, OR IN THE ALTERNATIVE, TO APPOINT COUNSEL FOR MR. ROSARIO**<br><br>Hearing Date: Nov. 15, 2010<br>Hearing Time: 9:00 a.m. |

　　　　Defendant Matthew Crippen, by and through his attorneys of record, Deputy Federal Public Defenders Callie Glanton Steele, Koren Bell, and Asal Akhondzadeh, hereby files this Motion <u>In Limine</u> to Exclude Testimony of Government Witness Tony Rosario and His Surreptitious Video Recording Due To Concomitant Exposure To

//

Criminal and Civil Liability Under California Law, Or In the Alternative, to Appoint Counsel to Advise Mr. Rosario Respecting the Same.

    This Motion is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

                      Respectfully submitted,

                      SEAN K. KENNEDY
                      Federal Public Defender

DATED: October 18, 2010      By   /s/
                                    CALLIE GLANTON STEELE
                                    Deputy Federal Public Defender

                              By   /s/
                                    KOREN L. BELL
                                    Deputy Federal Public Defender

                              By   /s/
                                    ASAL AKHONDZADEH
                                    Deputy Federal Public Defender

# I.

# **INTRODUCTION**

On October 5, 2010, the government gave notice of its intent to call Electronic Software Association Private Investigator Tony Rosario as a witness at trial, and to introduce, through Mr. Rosario, a surreptitious video recording of a March 15, 2008 meeting between Mr. Rosario and Mr. Crippen during which Mr. Crippen purportedly modified Mr. Rosario's Microsoft XBox 360 console. See Government Trial Memorandum and Witness List, Docket No. 79, at p. 5, 14, 15 and Exhibit 1. The video recording is approximately two minutes in length and depicts the exterior and the interior of Mr. Crippen's home, including personal artifacts unrelated to the alleged acts, such as household items including musical instruments, sporting gear, posters on the walls, a television and a computer. There is no audio sound on the video recording, but Mr. Crippen can be seen talking to Mr. Rosario and working on an electronic device. It is not clear, and the government has not yet clarified, whether the lack of audio sound on the video recording is a product of technical malfunction or a deliberate choice by Mr. Rosario at the time the recording was made, or alternatively, whether the audio was removed through editing sometime after the recording was created.[1]

As set forth below, Mr. Rosario's surreptitious video recording violates California state law, and his testimony on direct and cross examination in this federal case would therefore expose him to civil and criminal liability in the state of California. For that reason, his testimony, and the accompanying surreptitious video recording, should be excluded. In the alternative, Mr. Rosario should be appointed counsel to advise him in connection with the potential liability he will face as a result of his testimony at trial.

Moreover, Mr. Rosario's testimony, and the surreptitious video recording, should be excluded pursuant to Federal Rule of Evidence 403 because the probative value of this evidence is substantially outweighed by the danger of confusion of the issues, and

---

[1] Defense counsel requested clarification on this point on October 15, 2010, but had not yet received a response at the time of the filing of this motion.

considerations of undue delay and waste of time, on account of the questions that his testimony will pose respecting the legality of his conduct under California law. See Fed. R. Evid. 403.

## III.

## ARGUMENT

**A. The Testimony of Tony Rosario Should Be Excluded Together With His Surreptitious Recording**

**(I)  The California Privacy Act And Interaction With Federal Law**

With limited exceptions that are inapplicable here, the California Privacy Act forbids the recording of a confidential communication unless <u>all</u> <u>parties</u> to the communication consent. <u>See</u> Cal. Pen. Code § 632, § 633 (exception for law enforcement officers), § 633.5 (other limited exceptions); <u>see</u> also <u>People v. Windham</u>, 145 Cal. App. 4th 881, 889 (Cal. App. 4 Dist. 2007). Specifically, under the provisions of subdivision (a) of section 632 of the Privacy Act:

> [e]very person who, intentionally and without the consent of <u>all</u> <u>parties</u> to a confidential communication, by means of any. . .recording device,. . .records the confidential communication. . . carried on among the parties in the presence of one another

violates the statute. <u>See</u> Cal. Pen. Code § 632(a) (emphasis added); <u>Kearney v. Salomon Smith Barney</u>, 39 Cal. 4th 95, 117 (Cal. Sup. Ct. 2006) (emphasis in original) (quoting section 632(a)). Thus, "[b]y the terms of Penal Code section 632, the recording by one party to a confidential. . .conversation is prohibited unless the other party has knowledge that the conversation is to be recorded and consents thereto." <u>People v. Wyrick</u>, 77 Cal.App.3d 903, 907 (Cal.App. 1978). Once violated, the statute subjects the recording party to criminal and civil liability. <u>See</u> Cal. Pen. Code § 632(a) (violators "shall be punished by a fine not exceeding two thousand five hundred dollars, or imprisonment in the county jail not exceeding one year, or in the state prison or by both that fine and imprisonment," but "if the person has previously been convicted of a violation of this

section [or certain other sections], the person[s] shall be punished by a fine not exceeding ten thousand dollars, by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment."); Cal. Pen. Code § 637.2 (creating a private right of action authorizing any person who has been injured by any violation of the invasion-of-privacy legislation to bring, inter alia, a civil action to recover damages).

Section 632, subsection ©, further provides that "[t]he term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Pen. Code § 632©. A conversation is "confidential" within the meaning of the Act if a party to the communication has an objectively reasonable expectation that the conversation is not being recorded. Flanagan v. Flanagan, 27 Cal.4th 766, 776 (Cal. 2002).[2] Notably, "section 632 explicitly covers 'any communication' carried on in specified circumstances, regardless of content," Wyrick, 77 Cal.App.3d at 909, and prohibits "unconsented-to…recording of conversations regardless of whether the party expects that the content of the conversation may later be conveyed to a third party," Flanagan, 27 Cal.4th at 776; see also Lieberman v. KCOP Television Inc., 110 Cal. App.

---

[2] Cf. Deteresa v. American Broadcasting Companies, Inc., 121 F.3d 460 (9th Cir. 1997) (under California's eavesdropping statute, as construed by federal court, woman talking to television producer about celebrity murder suspect did not have objectively reasonable expectation that conversation would not be divulged to anyone else, where producer revealed that he worked for television network and wanted woman to appear on television, woman did not tell producer that her statements were in confidence or that the conversation was just between them, she did not request that producer not share information with anyone else, and producer did not promise to keep anything in confidence) with Nissan Motor Co., Ltd. v. Nissan Computer Corp., 180 F.Supp.2d 1089 (C.D. Cal. 2002) (counsel for copyright infringement plaintiff maintained objectively reasonable expectation of privacy regarding telephone conversations with defense counsel even if counsel routinely submitted declarations to court regarding substance of conversations between counsel); Coulter v. Bank of America, 33 Cal.Rptr.2d 766 (App. 4 Dist. 1994) (employee's conversations with supervisors and co-workers, which he surreptitiously recorded in anticipation of litigation against employer, were "confidential" within meaning of Privacy Act, notwithstanding employee's claim that he never intended conversation to be confidential and content of conversations were later discussed with others; supervisors and co-workers believed and expected that conversations would be confidential, most of conversations were held in private offices with no one else present, conversations involved sensitive work-related matters, and supervisors and co-workers believed that no one was listening to their conversations).

4th 156, 166-67 (Cal. App. 2 Dist. 2003) (an actionable violation of section 632 occurs the moment the surreptitious recording is made, whether disclosed or not).

Importantly, there is a split of authority among the Courts of Appeal respecting whether "communication" as used in the Privacy Act is limited to conversations or oral communications, or instead refers more broadly to the exchange of thoughts, messages or information by any means. The Fourth Appellate District -- the Court with jurisdiction over Anaheim, the site of Mr. Rosario's surreptitious recording of Mr. Crippen -- has held that "communication" as used in the Privacy Act is <u>not</u> limited to conversations or oral communications, but rather encompasses any communication, regardless of its form, where any party to the communication desires it to be confined to the parties thereto. <u>See</u> <u>People v. Gibbons</u>, 215 Cal. App. 3d 1204, 1209 (Cal. App. 4 Dist. 1989). The Third Appellate District has disagreed. <u>See</u> <u>People v. Drennan</u>, 84 Cal. App. 4th 1349, 1353-54 (Cal. App. 3 Dist. 2000) (holding that 632 protects only sound-based or symbol-based communications, not the taking of timed, still photos without accompanying sound, and further opining that Cal. Pen. Code 647(k) [now 647(j)], which forbids the surreptitious recording of someone in any "area in which the occupant has a reasonable expectation of privacy" would be a "better candidate to control. . .the taking of pictures of two or more people carrying on a confidential communication"). But, notwithstanding <u>Drennan</u>, the Fourth Appellate District has stood its ground. <u>See</u> <u>People v. McCallister</u>, 2002 WL 1724003, at *8 (Cal. App. 4 Dist. 2002) (unpublished) (reaffirming <u>Gibbons</u> and disagreeing with <u>Drennan</u>).

Finally, section (d) of Section 632 directs that, "[e]xcept as proof in an action or prosecution for violation of this section, no evidence obtained as a result of. . .recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative or other proceeding." Cal. Penal. Code § 632(d).

Notwithstanding this directive, evidence obtained in contravention of the California Privacy Act is admissible in <u>federal</u> court so long as no federal law is thereby violated. <u>See</u>, e.g., <u>United States v. Adams</u>, 694 F.2d 200, 201 (9th Cir. 1982). Unlike the

California Privacy Act, the federal wiretap statute requires only the consent of <u>one</u> party to the conversation. <u>See</u>, <u>e.g</u>.,18 U.S.C. § 2511(d) ("It shall not be unlawful. . .for a person not acting under color of law to intercept a[n] . . .oral. . .communication where such person is a party to the communication. . .unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or the laws of the United States or of any state."). Thus, a surreptitious recording that is obtained in violation of California law, but complies with the federal wiretap statute, may be admissible in federal court, provided it does not violate any other federal law.

**B.   Tony Rosario's Testimony, and the Introduction of His Surreptitious Video Recording, Exposes Him to Civil and Criminal Liability In California**

Although a surreptitious recording obtained in violation of the all-party consent rule enshrined in the California Privacy Act is admissible in federal court provided it complies with the federal one-party consent rule, and does not violate any other federal law, direct and cross-examination testimony establishing a violation of state law may still expose a witness to civil and criminal liability in California, of course.  That is the issue here, as Mr. Rosario's surreptitious video recording -- whether it was created with or without audio sound -- was obtained in violation of the California Privacy Act.

Mr. Crippen invited Mr. Rosario into his home pursuant to a scheduled appointment, and they conducted business. The sanctity of the home is well-established. <u>See</u> <u>Silverman v. United States</u>, 365 U.S. 505, 511 (1961).  It is undisputed that Mr. Rosario did not have Mr. Crippen's consent to record the transaction. <u>See</u> Cal. Pen. Code § 632(a) (setting forth the all-party consent rule).  It should also be undisputed that, under these circumstances -- where Mr. Crippen scheduled an business meeting with Mr. Rosario and invited him into his private residence – that Mr. Crippen reasonably expected that the communication was confined to the parties, and was <u>not</u> recorded. <u>See</u> <u>Flanagan</u>, 27 Cal.4th at 776.  That is all the law requires for the communication to be deemed "confidential" under the Act. Further, if Mr. Rosario originally created the recording with audio, it is a clear violation of the law, even if the audio was subsequently removed before

7

the video tape was disseminated to third persons.  See Lieberman, 110 Cal. App. 4th at 166-67.  Pursuant to Gibbons, so, too, if the video was created in the first instance without audio.  See Gibbons, 215 Cal. App. 3d at 1209.

      Based on the foregoing, Mr. Rosario's testimony about the recording, and the government's introduction of the tape through Mr. Rosario, will expose him to criminal and civil liability under the California Privacy Act, even though his violations of state law may not render this evidence inadmissible in federal court.  For this reason, Mr. Rosario's testimony, and his videotape, should be excluded.  In the alternative, Mr. Rosario should be appointed counsel to advise him in connection with the potential exposure he will face by testifying at trial.

      Moreover, there is a separate and independent reason why the evidence should be excluded:  Federal Rule of Evidence 403, which instructs that evidence may be excluded it its probative value is substantially outweighed by the danger of confusion of the issues and considerations of undue delay and waste of time.  See Fed. Rule Evid. 403.  Because Mr. Rosario's violation of the law bears directly on his credibility, his testimony on direct examination will compel inquiry on cross-examination respecting the process he followed in videotaping Mr. Crippen (with or without audio), the reasons for this process, and his knowledge, as an Electronic Software Association Private Investigator who conceivably routinely conducts these types of investigations in California, about the strictures of the California Privacy Act and his violation of the same.  In particular, because there is no audio sound to accompany the movements of Mr. Crippen's mouth depicted on the video, the jury will be required to make critical credibility determinations respecting Mr. Rosario's report of what Mr. Crippen purportedly said at the meeting.  For this reason, it is essential that the defense test Mr. Rosario's credibility on cross-examination in the face of his violation of state law.  The necessary process of delving into this area of state law risks creating a mini-trial on the question of Mr. Rosario's violation of state law which will confuse the real issues for the jury's determination, consume the jury's time and waste judicial resources at trial.  On the other hand, the evidence is of less substantial probative

value because it relates <u>only</u> to Count 1 of an Indictment charging two identical violations of the law. Thus, if Mr. Rosario's testimony is excluded, the government will still be able to present evidence, based on the testimony and recordings created by the ICE undercover agents, as to the identical charge in Count 2. Because the probative value of the evidence is substantially outweighed, in light of the issues surrounding the California Privacy Act, by the danger of confusion of the issues as well as considerations of undue delay and waste of time, the testimony of Mr. Rosario should be excluded pursuant to Rule 403 as well.

### III.
### CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion <u>In</u> <u>Limine</u> to Exclude Testimony of Government Witness Tony Rosario and His Surreptitious Video Recording on Account of Concomitant Exposure to Criminal and Civil Liability Under California Law, Or In the Alternative, to Appoint Counsel to Advise Mr. Rosario Respecting the Same.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: October 18, 2010    By  /s/
                               CALLIE GLANTON STEELE
                               Deputy Federal Public Defender

                            By  /s/
                               KOREN L. BELL
                               Deputy Federal Public Defender

                            By  /s/
                               ASAL AKHONDZADEH
                               Deputy Federal Public Defender