ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ALLEN W. CHIU (Cal. State Bar No.: 240516)
Assistant United States Attorney
General Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527
    Facsimile: (213) 894-0141
    E-mail: allen.chiu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-0703-PSG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION IN LIMINE TO |
| | ) | EXCLUDE EVIDENCE OF "FAIR USE" |
| v. | ) | UNDER FEDERAL RULES OF EVIDENCE |
| | ) | 401, 402 AND 403; MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES |
| MATTHEW CRIPPEN, | ) | |
| | ) | Hearing Date: November 15, 2010 |
| Defendant. | ) | Hearing Time: 9:00 a.m. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff United States of America, through its counsel of record, the United States Attorney for the Central District of California, hereby respectfully moves the court *in limine* for an order to exclude irrelevant evidence of "fair use" at trial, including evidence or argument regarding "homebrew" and backup copies of video games pursuant to Federal Rules of Evidence 401, 402 and 403.

///

1    This motion is based upon the attached memorandum of points
2  and authorities, the files and records in this case, and any such
3  further evidence and/or argument the Court may wish to consider
4  at the hearing and in determining this matter.

5  DATED: October 18, 2010        Respectfully submitted,

6                                 ANDRÉ BIROTTE JR.
                                  United States Attorney
7
                                  ROBERT E. DUGDALE
8                                 Assistant United States Attorney
                                  Chief, Criminal Division
9

10                                _____/s/_____
                                  ALLEN W. CHIU
11                                Assistant United States Attorney
                                  General Crimes Section
12
                                  Attorneys for Plaintiff
13                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant is charged in a two-count indictment with violations of the Digital Millennium Copyright Act ("DMCA"), Title 17, United States Code, Sections 1201(a)(1)(A), 1204(a)(1). The indictment alleges that on March 15, 2008 and April 21, 2009, defendant modified the optical disc drives of two Microsoft XBox ("Xbox") game consoles so that the consoles would circumvent the anti-piracy measures contained on the original unmodified optical disc drives.  Trial is set to begin on November 30, 2010.

As evidenced from defendant's expert disclosures and pre-trial filings, defendant intends to introduce evidence and argument at trial to support an entirely improper defense, namely, that defendant's circumvention of the Xbox's anti-piracy technological measures is permitted under the "fair use" doctrine governing copyright infringement.  Specifically, the government anticipates that defendant will argue that modification of an Xbox console is "necessary" to engage in the purported "fair use" of creating "homebrew" games or playing backup copies of video games.  However, as set forth below, because "fair use" is **not** a defense to the act of circumvention, any evidence relating to a "fair use" defense is irrelevant and should be excluded pursuant to Federal Rules of Evidence 401, 402 and 403.

///

///

///

///

///

1

## II.  **EVIDENCE OF "FAIR USE" WITH RESPECT TO DEFENDANT'S CIRCUMVENTION OF THE XBOX CONSOLES IS IRRELEVANT AND SHOULD BE EXCLUDED AT TRIAL**

Despite defendant's insistence on relying on a "fair use" defense, defendant fails to cite a single case that supports his contention that "fair use" is a legitimate defense to circumvention.  The reason for defendant's failure to do so is simple; the weight of authority is clear that "fair use" can **never** be an affirmative defense to the act of circumvention.  See e.g., Realnetworks, Inc. v. DVD Copy Control Ass'n, 641 F.Supp.2d 913, 942 (N.D. Cal. 2009)("[F]air use can never be an affirmative defense to the act of gaining unauthorized access. . . ."); Sony Computer Entertainment America, Inc. v. Divineo, 457 F.Supp.2d 957, 965 (N.D. Cal. 2006) ("[D]ownstream customers' lawful or fair use of circumvention devices does not relieve [defendant] from liability for trafficking in such devices under the DMCA."); 321 Studios v. Metro Goldwyn Mayer Studios, Inc., 307 F.Supp.2d 1085, 1097 (N.D. Cal. 2004) ("[T]he downstream uses of the software by the customers of 321, whether legal or illegal, are not relevant to determining whether 321 itself is violation the [DMCA]."); see also Chamberlain Group, Inc. v. Skylink Technologies, Inc., 381 F.3d 1178, 1195 (Fed. Cir. 2004) (defendants who use devices that circumvent access controls may be subject to liability under Section 1201(a)(1), whether they infringe or not); Universal City Studios, Inc. v. Corley, 273 F.3d 429, 443 (2d Cir. 2001) ("[T]he DMCA targets the circumvention of digital walls guarding copyrighted material (and trafficking in circumvention tools), but does not concern itself with the use of those materials after circumvention has

1  occurred."); <u>Universal City Studios, Inc. v. Reimerdes</u>, 111
2  F.Supp.2d 294, 322 (S.D.N.Y. 2000)("[T]he decision not to make
3  fair use a defense to a claim under Section 1201(a) was quite
4  deliberate.").

5      <u>Realnetworks</u> involved an encryption system that was embedded
6  into DVDs to prevent the unlawful copying of movies.  641
7  F.Supp.2d at 918.  Plaintiff Realnetworks filed suit against
8  several motion picture studios for declaratory relief, based on
9  the argument that its RealDVD product, which allowed users to
10 create and save personal copies of DVDs onto a laptop computer or
11 computer hard drive, did not violate the DMCA.  <u>Id.</u> at 926.
12 Notably, Realnetworks argued that its product was marketed
13 exclusively for use with DVDs that a consumer owns and only to
14 those users who sought to make backup copies of legally-owned
15 DVDs.  <u>Id.</u>  The motion picture studios, in turn, brought an
16 action against Realnetworks seeking to enjoin use of the RealDVD
17 product based on its violation of the DMCA.  <u>Id.</u>

18     The court concluded that Realnetworks' RealDVD product
19 violated the access-control provision of the DMCA.  <u>Id.</u> at 933.
20 In so holding, the court considered **the same defense that**
21 **defendant attempts to raise in this case**.  Notably, Realnetworks
22 attempted to argue that Section 1201(c)(1), which provides that
23 "[n]othing in this section shall affect the rights, remedies,
24 limitations, or defense to copyright infringement, including fair
25 use" constitutes an affirmative defense to copyright
26 infringement.  <u>Id.</u> at 941.  The court rejected that argument and
27 noted that fair use is prohibited with respect to circumvention
28 under section 1201(a).  <u>Id.</u> at 942.  The court went on further to

note that "fair use can never be an affirmative defense to the act of gaining unauthorized access." Id. The court also noted that Realnetworks' persistence in arguing that Section 1201(c) creates an affirmative defense to circumvention is "futile," given that "[t]here is no ground in law for [plaintiff] to assert a 'fair use' defense based on RealDVD being capable of substantial noninfringing use." Id.

The Second Circuit in Corley also considered the applicability of a "fair use" defense in the context of circumvention and concluded that the defense does not apply to the act of circumvention. In Corley, plaintiffs, a group of eight motion picture studios, sought injunctive relief against defendant Corley, who, together with his company, created and made available on the Internet a decryption program that circumvented the CSS technology contained on DVDs. 273 F.3d at 434-435. The district court granted plaintiffs' request for an injunction and concluded that defendant violated the DMCA by creating and making the technology available on the Internet. Id. at 434-435.

On appeal, defendant argued that Section 1201(c)(1) permits the circumvention of encryption technology protecting copyrighted material when the material will be put to "fair uses" which are exempt from copyright liability. Id. at 443. The Court rejected defendant's argument:

> We disagree that subsection 1201(c)(1) permits such a reading. Instead, it simply clarifies that the DMCA targets the circumvention of digital walls guarding copyrighted material (and trafficking in circumvention tools), but does not concern itself with the use of those materials after circumvention has occurred. Subsection 1201(c)(1) ensures that the DMCA is not read

4

to prohibit the "fair use" of information just because
that information was made illegal by the DMCA.   The
Appellants' much more expansive interpretation of
subsection 1201(c)(1) is not only outside the plausible
readings of the provision, but is also clearly refuted
by the statute's legislative history.

Id.  Thus, as Corley makes clear, a downstream user's legitimate

use of a device that has been modified to circumvent the device's

access controls is irrelevant to the act of circumvention itself.

This reading of the non-applicability of a "fair use" defense in

the circumvention context is in accord with the numerous cases

following Corley.   See e.g., Sony Computer Entertainment America,

Inc. v. Divineo, 457 F.Supp.2d 957, 965 (N.D. Cal. 2006)

("[D]ownstream customers' lawful or fair use of circumvention

devices does not relieve [defendant] from liability for

trafficking in such devices under the DMCA."); 321 Studios v.

Metro Goldwyn Mayer Studios, Inc., 307 F.Supp.2d 1085, 1097 (N.D.

Cal. 2004) ("[T]he downstream uses of the software by the

customers of 321, whether legal or illegal, are not relevant to

determining whether 321 itself is violation the [DMCA]."); see

also Chamberlain Group, Inc. v. Skylink Technologies, Inc., 381

F.3d 1178, 1195 (Fed. Cir. 2004) (defendants who use devices that

circumvent access controls may be subject to liability under

Section 1201(a)(1), whether they infringe or not).

Because "fair use" is not a defense to the act of

circumvention, defendant is not permitted to introduce evidence or

argument at trial that would support that defense.   See Fed. R.

Evid. 402 ("Evidence which is not relevant is not admissible.").

The Court should therefore exclude any evidence that defendant may

seek to introduce at trial to support that defense, including

defendant's contention that the modifications he performed on the Xbox consoles were targeted toward users who sought to create or play "homebrew" games or play backup copies. Simply stated, evidence or argument regarding "fair use" is irrelevant and is not admissible.

Defendant nonetheless contends that evidence regarding the non-infringing purposes of the modification of Xbox video game consoles is relevant because the government is required to make a showing of nexus between the act of circumvention and copyright infringement. See Defendant's Opposition to Government's Supplemental Brief re: Motion in Limine to Exclude Defendant's Expert at 4. This contention fails for at least two reasons. First, defendant mischaracterizes the law. Section 1201(a)(1) does not require the government to make a showing of a nexus between circumvention and copyright infringement. See Chamberlain Group, Inc. v. Skylink Technologies, Inc., 381 F.3d 1178, 1195 (Fed. Cir. 2004) (defendants who use devices that circumvent access controls may be subject to liability under Section 1201(a)(1), whether they infringe or not). Second, defendant fails to explain how evidence of non-infringing purposes of modification is relevant to the act of circumvention itself. In other words, evidence of non-infringing purposes of modification does not absolve defendant from liability for circumventing the anti-piracy technological measures at issue.

In short, given that "fair use" is not a legitimate defense to the act of circumvention, the only conceivable purpose for which defendant would offer evidence of "fair use," including any evidence or argument regarding "homebrew" games or backup copies

1  of video games would be to encourage jury nullification.  Such
2  evidence is plainly improper and should be excluded at trial.
3  See United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir.
4  1993) ("A trial judge . . . may block defense attorneys' attempts
5  to serenade a jury with the siren song of nullification"); United
6  States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983)
7  ("[N]either the court nor counsel should encourage jurors to
8  violate their oath [to follow the law]"); see also Zal v. Steppe,
9  968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).
10      Finally, because evidence of "fair use" is irrelevant and
11 has no probative value to any issues in the case, any evidence or
12 argument offered by defendant to support that defense is unfairly
13 prejudicial, misleading to the jury and confuses the issues.
14 Such evidence should therefore be excluded under Federal Rule of
15 Evidence 403.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**III. <u>CONCLUSION</u>**

For the foregoing reasons, the government respectfully requests that the court exclude any evidence that defendant may seek to introduce at trial regarding a "fair use" defense, including any evidence of the creation of "homebrew" games or the playing of backup copies on modified video game consoles.

Dated: October 18, 2010          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
ALLEN W. CHIU
Assistant United States Attorney
General Crimes Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA