1　ANDRÉ BIROTTE JR.
　　United States Attorney
2　ROBERT E. DUGDALE
　　Assistant United States Attorney
3　Chief, Criminal Division
　　ALLEN W. CHIU (Cal. State Bar No.: 240516)
4　Assistant United States Attorney
　　General Crimes Section
5　　　　1500 United States Courthouse
　　　　　312 North Spring Street
6　　　　Los Angeles, California 90012
　　　　　Telephone: (213) 894-6527
7　　　　Facsimile: (213) 894-0141
　　　　　E-mail: allen.chiu@usdoj.gov
8
　　Attorneys for Plaintiff
9　UNITED STATES OF AMERICA

10

　　　　　　　　　　UNITED STATES DISTRICT COURT
11
　　　　　　　　FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
　　UNITED STATES OF AMERICA,　　) CR No. 09-0703-PSG
13　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)　**AMENDED UNDISPUTED JOINT PROPOSED**
14　　　　　　　　　　　　　　　　　)　**JURY INSTRUCTIONS**
　　　　　　　　　v.　　　　　　　)
15　　　　　　　　　　　　　　　　　) [17 U.S.C. §§ 1201(a)(1)(A),
　　　　　　　　　　　　　　　　　　) 1204(a)(1): Digital Millennium
16　MATTHEW CRIPPEN,　　　　　　　) Copyright Act]
　　　　　　　　　　　　　　　　　　)
17　　　　　　　　Defendant.　　　　) Trial Date:　November 30, 2010
　　　　　　　　　　　　　　　　　　) Time:　　　　9:00 a.m.
18　　　　　　　　　　　　　　　　　) Place:　　　Courtroom of the
　　　　　　　　　　　　　　　　　　)　　　　　　　Honorable Philip S.
19　　　　　　　　　　　　　　　　　)　　　　　　　Gutierrez
　　　　　　　　　　　　　　　　　　)
20　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
21　─────────────────────────)

22　　　　　Pursuant to the Court's Criminal Motion and Trial Order,

23　Plaintiff United States of America, by and through its counsel of

24　record, the United States Attorney for the Central District of

25　California, and defendant Matthew Crippen, by and through his

26　counsel of record, hereby submit joint proposed jury instructions.

27　///

28　///

1    As set forth below, submitted herein are 28 joint proposed

2  jury instructions for the Court's consideration.  The parties

3  currently dispute additional jury instructions that have been

4  proposed by the government and by the defense.  Those additional

5  jury instructions will be provided to the Court in a separate

6  pleading.  The parties will file their joint disputed proposed

7  instructions by November 28, 2010.  In addition, the defense has

8  requested that all references to "defendant" in the jury

9  instructions be changed to "Mr. Crippen."

10    The parties respectfully request the right to propose

11  additional jury instructions as may be necessary based on the

12  course of the proceedings.  In particular, the defense will

13  request an instruction on its theory of the case once all of the

14  evidence has been presented.  <u>See</u> <u>United States v. Zuniga</u>, 6 F.3d

15  569, 571 (9th Cir. 1993).

16  DATED: November 26, 2010        Respectfully submitted,

17                                 ANDRÉ BIROTTE JR.
                                    United States Attorney
18
                                    ROBERT E. DUGDALE
19                                 Assistant United States Attorney
                                    Chief, Criminal Division
20
                                    _____/s/_____
21                                 ALLEN W. CHIU
                                    Assistant United States Attorney
22                                 Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
23

24                                 _____/s/*_____
                                    CALLIE GLANTON STEELE
25                                 KOREN BELL
                                    Deputy Federal Public Defenders
26                                 Attorneys for Defendant
                                    Matthew Crippen
27
   *Authorized to sign on counsel's behalf via email.
28

**INDEX OF JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 1 | Duty of Jury | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 1.1 (2010 ed.) | 7 |
| 2 | Not here; in disputed instructions | | 8 |
| 3 | Ruling on Objections | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 1.6 (2010 ed.) | 9 |
| 4 | Conduct of the Jury | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 1.8 (2010 ed.) | 10 |
| 5 | Not here; in disputed instructions | | 12 |
| 6 | Taking Notes | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 1.10 (2010 ed.) | 13 |
| 7 | Outline of Trial | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 1.11 (2010 ed.) | 14 |
| 8 | Bench Conferences and Recesses | <u>Ninth Circuit Model Jury Instructions</u>, No. 2.2 (2010 ed.) | 15 |
| 9 | Transcript of Recording in English | <u>Ninth Circuit Model Jury Instruction</u>, No. 2.7 (2010 ed.) | 16 |
| 10 | Not here; in disputed instructions | | 17 |
| 11 | Evidence for a Limited Purpose | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 2.11 (2010 ed.) | 18 |
| 12 | Duties Of Jury To Find Facts And Follow Law | <u>Ninth Circuit Model Jury Instruction</u>, No. 3.1 (2010 ed.) | 19 |
| 13 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | <u>Ninth Circuit Model Criminal Jury Instruction</u>, No. 3.2(2010 ed.) | 20 |

3

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 14 | Defendant's Decision Not To Testify [If Defendant Does Not Testify] | _Ninth Circuit Model Jury Instruction_, No. 3.3 (2010 ed.) | 21 |
| 15 | Defendant's Decision To Testify [If Defendant Testifies] | _Ninth Circuit Model Jury Instruction_, No. 3.4 (2010 ed.) | 22 |
| 16 | Not here; in disputed instructions | | 23 |
| 17 | What Is Evidence | _Ninth Circuit Model Jury Instruction_, No. 3.6 (2010 ed.) | 24 |
| 18 | What Is Not Evidence | _Ninth Circuit Model Jury Instruction_, No. 3.7 (2010 ed.) | 25 |
| 19 | Direct And Circumstantial Evidence | _Ninth Circuit Model Jury Instruction_, No. 3.8 (2010 ed.) | 26 |
| 20 | Credibility Of Witnesses | _Ninth Circuit Model Jury Instruction_, No. 3.9 (2010 ed.) | 27 |
| 21 | Activities not Charged | _Ninth Circuit Model Jury Instruction_, No. 3.10 (2010 ed.) | 28 |
| 22 | Separate Consideration of Multiple Counts – Single Defendant | _Ninth Circuit Model Jury Instruction_, No. 3.11 (2010 ed.) | 29 |
| 23 | Statements by Defendant | _Ninth Circuit Model Jury Instruction_, No. 4.1 (2010 ed.) | 30 |
| 24 | Not here; in disputed instructions | | 31 |
| 25 | Not here; in disputed instructions | | 32 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 26 | Opinion Evidence, Expert Witness | <u>Ninth Circuit Model Jury Instruction</u>, No. 4.14 (2010 ed.) | 33 |
| 27 | Text of the Statute | 17 U.S.C. § 1201(a)(1)(A) | 34 |
| 28 | Elements of 1201(a)(1)(A) | 17 U.S.C. § 1201(a)(1)(A); 1204(a) | 35 |
| 29 | Not here; in disputed instructions | | 36 |
| 30 | Not here; in disputed instructions | | 37 |
| 31 | Not here; in disputed instructions | | 38 |
| 32 | Not here; in disputed instructions | | 39 |
| 33 | Not here; in disputed instructions | | 40 |
| 34 | Not here; in disputed instructions | | 41 |
| 35 | Duty To Deliberate | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.1 (2010 ed.) | 42 |
| 36 | Consideration Of Evidence - Conduct of the Jury | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.2 (2010 ed.) | 43 |
| 37 | Use Of Notes | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.3 (2010 ed.) | 44 |
| 38 | Jury Consideration Of Punishment | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.4 (2010 ed.) | 46 |
| 39 | Verdict Form | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.5 (2010 ed.) | 47 |

5

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 40 | Communication With Court | <u>Ninth Circuit Model Jury Instruction</u>, No. 7.6 (2010 ed.) | 48 |

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 1. - JOINT


     Jurors: You now are the jury in this case, and I want to
take a few minutes to tell you something about your duties as
jurors and to give you some preliminary instructions.  At the end
of the trial I will give you more detailed written instructions
that will control your deliberations.  When you deliberate, it
will be your duty to weigh and to evaluate all the evidence
received in the case and, in that process, to decide the facts.
To the facts as you find them, you will apply the law as I give
it to you, whether you agree with the law or not.  You must
decide the case solely on the evidence and the law before you and
must not be influenced by any personal likes or dislikes,
opinions, prejudices, or sympathy.

     Please do not take anything I may say or do during the trial
as indicating what I think of the evidence or what your verdict
should be — that is entirely up to you.


Ninth Circuit Criminal Jury Instruction No. 1.1 [Duty of Jury]
(2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 2. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 3. – JOINT


There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Criminal Jury Instruction No. 1.6 [Ruling on Objections] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 4. – JOINT


I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

1    Because you will receive all the evidence and legal

2 instruction you properly may consider to return a verdict: do not

3 read, watch, or listen to any news or media accounts or

4 commentary about the case or anything to do with it; do not do

5 any research, such as consulting dictionaries, searching the

6 Internet or using other reference materials; and do not make any

7 investigation or in any other way try to learn about the case on

8 your own.

9    The law requires these restrictions to ensure the parties

10 have a fair trial based on the same evidence that each party has

11 had an opportunity to address.  A juror who violates these

12 restrictions jeopardizes the fairness of these proceedings.  If

13 any juror is exposed to any outside information, please notify

14 the court immediately.

Ninth Circuit Criminal Jury Instruction No. 1.8 [Conduct of the

Jury] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 5. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 6. - JOINT


    If you wish, you may take notes to help you remember the
evidence.  If you do take notes, please keep them to yourself
until you and your fellow jurors go to the jury room to decide
the case.  Do not let note-taking distract you from being
attentive.  When you leave court for recesses, your notes should
be left in the courtroom.  No one will read your notes.

    Whether or not you take notes, you should rely on your own
memory of the evidence.  Notes are only to assist your memory.
You should not be overly influenced by your notes or those of
your fellow jurors.

Ninth Circuit Criminal Jury Instruction No. 1.10 [Taking Notes]
(2010 ed.).

13

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 7. - JOINT


     The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

     The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.  After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Criminal Jury Instruction No. 1.11 [Outline of Trial] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 8. - JOINT

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Ninth Circuit Criminal Jury Instruction No. 2.2 [Bench Conferences and Recesses] (2010 ed.).

1                      JURY INSTRUCTION NO. _____

2                  PROPOSED INSTRUCTION NO. 9. - JOINT

3

4        You are about to hear a recording that has been received in

5   evidence.  A transcript of the recording is being provided to

6   help you identify speakers and to help you decide what the

7   speakers say.  Remember that the recording is the evidence, not

8   the transcript.  If you hear something different from what

9   appears in the transcript, what you heard is controlling.  Listen

10  carefully; the transcript will not be available during your

11  deliberations.

27  Ninth Circuit Model Criminal Jury Instructions No. 2.7

28  [Transcript of Recording in English] (2010 ed.).

                                16

1                     JURY INSTRUCTION NO. _____

2              PROPOSED INSTRUCTION NO. 10. - DISPUTED

1
JURY INSTRUCTION NO. _____

2
PROPOSED INSTRUCTION NO. 11. – JOINT

3

4
Some evidence is admitted for a limited purpose only.  When

5
I instruct you that an item of evidence has been admitted for a

6
limited purpose, you must consider it only for that limited

7
purpose and not for any other purpose.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
Ninth Circuit Model Jury Instruction No. 2.11 [Evidence for

27
Limited Purpose] (2010 ed.).

28

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 12. - JOINT


Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction No. 3.1 [Duties of Jury To Find Facts And Follow Law] (2010 ed.).

19

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 13. - JOINT


The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction No. 3.2 [Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof] (2010 ed.).

20

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 14. – JOINT


A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that a defendant did not testify.

Ninth Circuit Model Jury Instruction No. 3.3 [Defendant's Decision Not to Testify] (2010 ed.).

1              JURY INSTRUCTION NO. _____

2            PROPOSED INSTRUCTION NO. 15. - JOINT

3

4      A defendant has testified.  You should treat this testimony

5  just as you would the testimony of any other witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Jury Instruction No. 3.4 [Defendant's

27  Decision To Testify] (2010 ed.).

28

                            22

1                     JURY INSTRUCTION NO. _____

2              PROPOSED INSTRUCTION NO. 16. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 17. - JOINT


     The evidence from which you are to decide what the facts are
consists of:

     (1) the sworn testimony of any witness;

     (2) the exhibits received into evidence; and

     (3) any facts to which the parties have agreed.

Ninth Circuit Model Jury Instruction No. 3.6 [What Is Evidence]
(2010 ed.).

24

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 18. - JOINT


In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Ninth Circuit Model Jury Instruction No. 3.7 [What Is Not Evidence] (2010 ed.).

25

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 19. - JOINT


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction No. 3.8 [Direct And Circumstantial Evidence] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 20. - JOINT


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.


Ninth Circuit Model Jury Instruction No. 3.9 [Credibility Of Witnesses] (2010 ed.).

27

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 21. - JOINT


    You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Jury Instruction No. 3.10 [Activities not Charged] (2010 ed.)

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 22. - JOINT


A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Jury Instruction No. 3.11 [Separate Consideration of Multiple Counts-Single Defendant] (2010 ed.)

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 23. – JOINT


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instruction No. 4.1 [Statements by Defendant] (2010 ed.).

30

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 24. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 25. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 26. - JOINT


     You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

     Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction No. 4.14 [Opinion Evidence, Expert Witness] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 27. - JOINT


Counts One and Two of the indictment charges defendant with violating the anti-circumvention provision of the Digital Millenium Copyright Act, Title 17, United States Code, Section 1201(a)(1)(A).  This statute provides, in part:

No person shall circumvent a technological measure that effectively controls access to a work protected by a copyright.

17 U.S.C. § 1201(a)(1)(A).

34

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 28. – JOINT

In order for the defendant to be found guilty of a violation of Title 17, United States Code, Section 1201(a)(1)(A), as charged in Counts One and Two of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

That the defendant (1) willfully (2) circumvented (3) a technological measure that effectively controls access; (4) to a copyrighted work; and (5) he did so for commercial advantage or private financial gain.

17 U.S.C. §§ 1201(a)(1)(A), 1204(a).

35

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 29. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 30. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 31. - DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 32. – DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 33. – DISPUTED

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 34. - DISPUTED

JURY INSTRUCTION NO. \_\_\_\_\_

PROPOSED INSTRUCTION NO. 35. – JOINT


When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Jury Instruction No. 7.1 [Duty to Deliberate] (2010 ed.).

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 36. – JOINT


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these

43

restrictions jeopardizes the fairness of these proceedings.   If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction No. 7.2 [Consideration of Evidence - Conduct of the Jury] (2010 ed.).

1              JURY INSTRUCTION NO. _____

2          PROPOSED INSTRUCTION NO. 37. - JOINT

3

4       Some of you have taken notes during the trial.   Whether or

5   not you took notes, you should rely on your own memory of what

6   was said.   Notes are only to assist your memory.   You should

7   not be overly influenced by your notes or those of your fellow

8   jurors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Ninth Circuit Model Jury Instruction No. 7.3 [Use of Notes]

26  (2010 ed.).

27

28

45

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 38. – JOINT


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction No. 7.4 [Jury Consideration of Punishment] (2010 ed.).

46

JURY INSTRUCTION NO. _____

PROPOSED INSTRUCTION NO. 39. - JOINT


     A verdict form has been prepared for you.  After you
have reached unanimous agreement on a verdict, your foreperson
should complete the verdict form according to your deliberations,
sign and date it, and advise the clerk that you are ready to
return to the courtroom.

Ninth Circuit Model Jury Instruction No. 7.5 [Verdict Form]
(2010 ed.).

1                       JURY INSTRUCTION NO. _____

2                 PROPOSED INSTRUCTION NO. 40. – JOINT

3

4       If it becomes necessary during your deliberations to

5  communicate with me, you may send a note through the clerk,

6  signed by any one or more of you.  No member of the jury

7  should ever attempt to communicate with me except by a signed

8  writing, and I will respond to the jury concerning the case only

9  in writing or here in open court.  If you send out a question, I

10  will consult with the lawyers before answering it, which may take

11  some time.  You may continue your deliberations while waiting for

12  the answer to any question.  Remember that you are not to

13  tell anyone — including me — how the jury stands, numerically or

14  otherwise, on any question submitted to you, including the

15  question of the guilt of the defendant, until after you have

16  reached a unanimous verdict or have been discharged.

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Jury Instruction No. 7.6 [Communication With

27  Court] (2010 ed.).

28